Panos Lagos, Esq. / SBN 61821
LAW OFFICES OF PANOS LAGOS
5032 Woodminster Lane
Oakland, CA  94602
(510)530-4078
(510)530-4725/FAX
panos@panoslagoslaw.com

Attorney for Plaintiff,
ESTRELLA LYSANDRA ZAYAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTRELLA LYSANDRA ZAYAS, <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF CALIFORNIA, a public entity, CALIFORNIA HIGHWAY PATROL, a public entity, JOSEPH A. FARROW, in his capacity as COMMISSIONER OF THE CALIFORNIA HIGHWAY PATROL, JOSE ORTEGA (Badge #21093), in his capacity as a Peace Officer for the California Highway Patrol, and TIMOTHY J. BROWN (Badge #21057), in his capacity as a Peace Officer for the California Highway Patrol, <br><br> Defendants. | Case No. 3:17-cv-02739 <br><br> COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL <br><br> 1. 42 U.S.C. §§ 1983 – Civil Rights Violations <br> 2. 42 U.S.C. §§ 1983 – Unlawful Customs, Policies, Habits, or Procedures (*Monell*) <br> 3. California Civil Code § 52.1(b) <br> 4. Battery <br> 5. Negligence <br> 6. Intentional Infliction of Emotional Distress <br> 7. Invasion of Privacy <br> 8. Sexual Battery |

Plaintiff Estrella Lysandra Zayas ("Zayas"), by and through her attorney, the LAW OFFICES OF PANOS LAGOS, for her Complaint against Defendants, states the following:

**<u>INTRODUCTION</u>**

This case arises out of an incident in which Plaintiff was stopped for speeding and, without probable cause or reasonable suspicion of the commission of any crime, was ordered out of her vehicle, sexually groped by one on-scene officer in the immediate presence of the other officer, arrested, accused of being under the influence, she was handcuffed and driven to a nearby CHP office whereupon she was released.

COMPLAINT FOR DAMAGES
*Zayas v. State of CALIFORNIA, et al.*
USDC (N.D. Cal.) Case No.: 3:17-cv-02739                                    1

**JURISDICTION**

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1341, and 1343 because it is being brought to obtain compensatory and punitive damages for the deprivation, under color of state law, of the rights of citizens of the United States that are secured by the United States Constitution, pursuant to 42 U.S.C. §§ 1983. This action is brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and the laws and Constitution of the State of California.

2.      Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), to hear and decide claims arising under state law.

3.      Venue is proper, pursuant to 28 U.S.C. § 1391(e)(2), because the events giving rise to Plaintiff's claims occurred in this judicial district.

**PARTIES**

4.      Plaintiff is a citizen of the United States, competent adult, and a resident of this judicial district.

5.      At all times mentioned herein, Defendants California Highway Patrol Officers JOSE ORTEGA ("Ortega") and TIMOTHY J. BROWN ("Brown"), in doing the acts or omissions hereinafter described, acted within the course and scope of their employment with Defendant STATE OF CALIFORNIA ("State") and acted under color of state law. The Defendants named above are sued in their individual capacities.

6.      Defendant CALIFORNIA HIGHWAY PATROL ("CHP") is a public entity existing under the laws of the State of California and is the employer of the individual defendants named above.

7.      Plaintiff is informed, believes, and thereon alleges that Defendant Brown at all material times integrally participated in the conduct complained of herein and gave consent and aided and assisted Defendant Ortega and/or failed to intervene and prevent Ortega's tortious conduct, except as may hereinafter be otherwise specifically alleged. At all material times, each Defendant was jointly engaged in constitutionally violative, unlawful, and/or tortious activity, resulting in the deprivation of Plaintiff's constitutional rights and other actionable harm.

8.      The acts and omissions of all CHP Defendants, as set forth herein, were at all material times pursuant to the actual customs, policies, practices, and/or procedures of the CHP or, alternatively, such acts and omissions were pursuant to the lack thereof and, thus, were in lieu of polices, practices, and procedures that should have been in place.

9.      At all material times, each CHP Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

10.     A proper and timely tort claim was presented to the State of California on behalf of Plaintiff pursuant to Government Code section 910 et seq., and rejected on or about November 21, 2016 by operation of law; this action was thereafter timely filed within all applicable statutes of limitation.

11.     This complaint may be pleaded in the alternative, pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure.

### GENERAL ALLEGATIONS

12.     Plaintiff re-alleges each and every previous paragraph in this complaint, as though fully set forth herein.

13.     On or about April 16, 2016, at approximately **11:06 P.M.**, Zayas, while driving her vehicle, was stopped by Ortega and Brown. The claimed reason for the stop was a violation of California Vehicle Code § 22350.

14.     Zayas, timely, promptly and completely produced her vehicle registration and driver's license when asked to do so by Ortega. When asked if she had anything to drink, she truthfully told him that she had **a** beer **earlier** that **afternoon**.

15.     Ortega ordered Zayas out of the subject vehicle and, when Zayas asked why, he told her he needed to ask her more questions. After complying and being escorted to the rear of her own vehicle, and after truthfully answering "no" to Ortega's question if she had any weapons, Ortega, under the guise of searching Zayas for weapons, fondled Zayas' breasts to which Zayas understandably, immediately, vigorously, loudly and repeatedly protested. There was no reasonable suspicion that Zayas was armed, had committed a crime or was presently dangerous to either defendant officer or to anyone else. Zayas, earlier in the day, had been a bridesmaid and

was still wearing her blue dress (see Exhibit 1)

16.    Not only was Ortega's search of Zayas not supported by either individualized or reasonable suspicion as required by long-established law, it was clearly pretextual by Ortega who sought to gratify his perverted, depraved, illicit, sexual desire and/or to humiliate, coerce and intimidate Zayas.

17.    Zayas was handcuffed and transported to a nearby CHP office. After a breathalyzing test was conducted of Zayas, she was told that she blew .01- well under the .08 limit and released.

18.    Zayas' person was touched without her consent and without lawful purpose or authority.

19.    At no time did Zayas physically resist, insult, threaten, touch, batter, or assault any Defendant officer or fail to promptly obey any order prior to being removed from her vehicle.

20.    At all material times and, alternatively, the actions and omissions of each Defendant were malicious, intentional, oppressive, in reckless disregard and/or deliberately indifferent to Plaintiff's rights or safety, and/or negligent.

21.    As a legal cause of each Defendant's acts and/or omissions as set forth above, Plaintiff suffered and sustained the following injuries and damages, past and future, including, but not limited to:

 a.  Severe emotional distress, humiliation, indignity, embarrassment, anger, frustration, annoyance, anxiety, and sleeplessness;

 b.  Loss of enjoyment of life;

 c.  All other legally cognizable special and general damages;

 d.  Violations of state and federal constitutional rights;

 e.  All damages and penalties recoverable under 42 U.S.C. §§ 1983;

 f.  Medical expenses;

///

///

COMPLAINT FOR DAMAGES
*Zayas v. State of CALIFORNIA, et al.*
USDC (N.D. Cal.) Case No.: 3:17-cv-02739      4

g.  All damages and penalties recoverable under California Civil Code §§ 43, 52(a), (b), 52.1, 52.4, Article I §13, of the California Constitution, and as otherwise allowed under California and United States statutes, codes, and common law.

**CLAIMS FOR RELIEF**

**FIRST CLAIM**
**-- 42 U.S.C. § 1983 --**
**AGAINST DEFENDANTS ORTEGA AND BROWN**

22.  Plaintiff re-alleges, and incorporates by reference, the allegations contained in paragraphs 1 through 21 above, as though fully set forth herein.

23.  By the actions and omissions described above, Defendants violated 42 U.S.C. § 1983, depriving Zayas of the following well-settled constitutional rights that are protected by the Fourth and Fourteenth Amendments to the U.S. Constitution:

a.  The right to be free from unreasonable searches and/or seizures, as secured by the Fourth and Fourteenth Amendments;

b.  The right to be free from the use of unlawful and/or unreasonable force, as secured by the Fourth and Fourteenth Amendments;

c.  The right to be free from the use of unlawful and/or unreasonable force in the course of arrest or detention, as secured by the Fourth and Fourteenth Amendments;

d.  The right to ones liberty in bodily integrity (see *Winston v. Lee*, 470 U.S. 753 (1985); *Johnson v. Meltzer*, 134 F.3d 1393, 1397 (9th Cir. 1998) (citing *Albright v. Oliver*, 510 U.S. 266, 272 (1994)) as secured by the substantive protection under the Due Process clause.

24.  The sexual groping of Zayas was done in violation of Plaintiff's constitutional rights guaranteed by the Fourth and/or Fourteenth Amendments to the United States Constitution, for which Defendants are liable either directly or via their failure to intervene and/or their integral participation. As a legal result, Zayas is entitled to damages, pursuant to 42 U.S.C. § 1983 et seq. in an amount to be proven at trial.

25.  As a proximate and legal result of the foregoing wrongful acts, Zayas sustained

injuries and damages, as set forth above, in ¶ 21. Zayas is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

26.    In committing the acts alleged above, the individually named Defendants acted maliciously, despicably, intentionally, and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiff, and by reason thereof, Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial against these individual Defendants; no punitive damages are sought directly against State.

WHEREFORE, Plaintiff prays for relief as set forth herein.

**SECOND CLAIM**
**-- 42 U.S.C. § 1983 - UNLAWFUL CUSTOMS, POLICIES, HABITS,**
**OR PROCEDURES (*MONELL*)--**
**AGAINST DEFENDANT STATE AND COMMISSIONER JOSEPH A. FARROW**

27.    Plaintiff re-alleges, and incorporates by reference, the allegations contained in paragraphs 1 through 21 above, as though fully set forth herein.

28.    Plaintiff alleges, upon information and belief, the unconstitutional actions and/or omissions of the individually named CHP Defendants herein were pursuant to the following customs, policies, practices and/or procedures of the CHP, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officials for State and/or the CHP and which customs, etc reflected a deliberate indifference to citizens' rights generally and to Zayas' rights in particular:

a.    Failure to maintain or effectively administer an appropriate training regimen or **required** protocol on citizen searches by officers of the opposite sex including, but not limited to, **requiring** officers to read their department Policy Manual, **requiring** officers to certify their reading of the manual in writing, and/or **mandating** guidelines/protocol to be followed by a field peace officer where it is not practical to summon an officer of the same sex as the citizen to be searched.

29.    In the alternative, upon information and belief, Defendant State may have instituted policies or training addressing the topics listed above, but has either through negligence or **deliberate indifference** to citizens' rights failed to properly oversee, enforce,

and/or carry out such policies and/or training.

30.     The above-described customs, policies, practices, and/or procedures of the CHP (or the lack of them) were a **moving force** and/or a proximate cause of the deprivations of Zayas' constitutional rights, in violation of 42 U.S.C. § 1983, as more fully set forth above.

31.     As a proximate and legal result of the foregoing customs, polices, practices, and/or procedures of the CHP, or the lack or inadequacy thereof, Zayas sustained injuries and damages as set forth above, in ¶ 21. Zayas is, therefore, entitled to general and compensatory damages in an amount to be proven at trial. Zayas' only means of securing complete and adequate relief is to also seek declaratory and injunctive relief, to offer Zayas substantial and complete protection from Defendants' unlawful policies and practices. Zayas, thus, seeks both legal damages and an equitable remedy in the form of injunctive relief against Defendant State.

WHEREFORE, Plaintiff prays for relief as set forth herein.

**THIRD CLAIM**
**-- VIOLATION OF CIVIL CODE § 52.1 (b) --**
**AGAINST DEFENDANTS STATE AND ORTEGA**

32.     Plaintiff re-alleges, and incorporates by reference, the allegations contained in paragraphs 1 through 21 above, as though fully set forth herein.

33.     By the actions and omissions described above, the individually named Defendant Ortega violated and/or interfered with Zayas' state and/or federal rights through threats, and/or intimidation, and/or coercion, thereby entitling Zayas to sue for damages under California Civil Code § 52.1, subdivision (b).

34.     Defendant State is liable under California Government Code §§ 815, 815.2(a) for this wrong, which was committed within the course and scope of Defendant Ortega's employment.

35.     The violations included depriving Zayas of the following well-settled constitutional rights that are secured by the U.S. Constitution, California Constitution, and California law:

a.   The right to be free from unreasonable searches and seizures, as secured by the Fourth and Fourteenth Amendments;

b. The right to one's liberty interest in bodily integrity secured as a substantive protection under the Due Process Clause and the Fourth and Fourteenth Amendments;

c. The right to be free from unreasonable searches and seizures, as secured by the California Constitution, Article I, section 13;

d. The right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code § 43.

36.     As a proximate and legal result of the foregoing wrongful acts, Zayas sustained injuries and damages, as set forth above, in ¶ 21. Zayas is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

37.     In committing the acts alleged above, Defendant Ortega acted maliciously and/or was guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of Zayas, and by reason thereof, Zayas is entitled to exemplary and punitive damages in an amount to be proven at trial against this individual Defendant; no punitive damages are sought directly against State.

WHEREFORE, Plaintiff prays for relief as set forth herein.

**FOURTH CLAIM**
**-- BATTERY --**
**AGAINST DEFENDANT STATE AND ORTEGA**

38.     Plaintiff re-alleges, and incorporates by reference, the allegations contained in paragraphs 1 through 21 above, as though fully set forth herein.

39.     The acts of the individually-named Defendant Ortega, described above, constitute battery, entitling Zayas to damages pursuant to California law.

40.     Defendant Ortega intentionally used unreasonable force resulting in harmful and offensive contact and which lacked Plaintiff's consent.

41.     Defendant State is liable under California Government Code §§ 815, 815.2(a) for the battery, committed within the course and scope of Defendant Ortega's employment.

42.     As a proximate and legal result of the foregoing wrongful acts, Zayas sustained injuries and damages, as set forth above, in ¶ 21. Zayas is, therefore, entitled to general and

compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendant Ortega in his individual capacity. No punitive damages are sought against State.

WHEREFORE, Plaintiff prays for relief as set forth herein.

**FIFTH CLAIM**
**-- NEGLIGENCE --**
**AGAINST DEFENDANTS STATE AND ORTEGA**

43. Plaintiff re-alleges, and incorporates by reference, the allegations contained in paragraphs 1 through 21 above, as though fully set forth herein.

44. At all times, Defendant Ortega owed Zayas the duty to act with due care in the execution and enforcement of his legal obligations and Defendant Ortega owed Zayas the duty to act with reasonable care.

45. These general duties of reasonable care and due care owed to Zayas by all Defendants include, but are not limited to, the following specific obligations:

    a.    To refrain from using excessive and/or unreasonable force against Zayas;

    b.    To use generally accepted procedures and tactics that are reasonable and appropriate when searching a citizen;

    c.    To refrain from abusing the authority granted to Defendants by law, including but not limited to being truthful in reporting an incident, not pretextually alleging false circumstances so as to detain, arrest, sexually batter, or search person or vehicle and to otherwise interfere with a citizen's State and Federal civil and non-civil rights;

    d.    To refrain from violating Zayas' rights, which are guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law;

    e.    To follow and obey their California mandated Post Training and/or Department Policy and/or training.

46. By the acts and omissions set forth more fully in the paragraphs above, Defendant Ortega acted negligently and breached his duty(ies) of due care owed to Zayas, which foreseeably resulted in the suffering of damages by Zayas.

47.     Defendant State is liable under California Government Code §§ 815, 815.2(a) for the officer's acts/omissions committed within the course and scope of the named Defendant's employment.

48.     As a proximate result of Defendant Ortega's negligence, Zayas sustained injuries and damages, as set forth above, in ¶ 21. Zayas is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief as set forth herein.

**SIXTH CLAIM**
**-- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS --**
**AGAINST DEFENDANTS STATE AND ORTEGA**

49.     Plaintiff re-alleges, and incorporates by reference, the allegations contained in paragraphs 1 through 21 above, as though fully set forth herein.

50.     Defendant State is liable under California Government Code §§ 815, 815.2(a) for the officer's acts/omissions committed within the course and scope of Defendant Ortega's employment.

51.     The conduct of Defendant Ortega, as set forth herein, was extreme and outrageous, willful, and was done with the intent to inflict and did cause severe mental and emotional distress upon Zayas.

52.     As a proximate result of Defendant Ortega's conduct, Zayas sustained injuries and damages, as set forth above, in ¶ 21. Zayas is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief as set forth herein.

**SEVENTH CLAIM**
**-- INVASION OF PRIVACY --**
**AGAINST DEFENDANTS STATE AND ORTEGA**

53.     Plaintiff re-alleges, and incorporates by reference, the allegations contained in paragraphs 1 through 21 above, as though fully set forth herein.

54.     Zayas' person, and, in particular, her breast area, is a very private and personal place. By the acts alleged above, Defendant Ortega intruded into Zayas' person in which she had a reasonable expectation of privacy, in a manner that would be highly offensive to a reasonable

person and which amounted to an invasion of her privacy.

55. Defendant State is liable under California Government Code §§ 815, 815.2(a) for the officer's acts/omissions committed within the course and scope of Defendant Ortega's employment.

56. As a proximate result of Defendant Ortega's conduct, Zayas sustained injuries and damages, as set forth above, in ¶ 21. Zayas is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### EIGHTH CLAIM
### -- GENDER VIOLENCE – CA CIVIL CODE § 52.4 --
### AGAINST DEFENDANTS STATE AND ORTEGA

57. Plaintiff re-alleges, and incorporates by reference, the allegations contained in paragraphs 1 through 21 above, as though fully set forth herein.

58. Ortega committed gender violence as that term is defined in California Civil Code § 52.4(c).

59. Defendant State is liable under California Government Code §§ 815, 815.2(a) for the officers' acts/omissions committed within the course and scope of the named Defendants' employment.

60. As a legal result of the foregoing wrongful acts, Zayas suffered actual and compensatory damages including, but not limited to, substantial mental distress, and pain and suffering. Zayas is further entitled to and seeks punitive damages against Ortega. No punitive damages are sought against State.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief against each and every Defendant herein, jointly and severally:

1. General and compensatory damages in an amount according to proof, which is
fair, just, and reasonable;

///

COMPLAINT FOR DAMAGES
*Zayas v. State of CALIFORNIA, et al.*
USDC (N.D. Cal.) Case No.: 3:17-cv-02739                                              11

2.      Exemplary and punitive damages against the individual Defendants only, under 42 U.S.C. § 1983 and California law, in an amount according to proof and which is fair, just, and reasonable;

3.      For attorney's fees and costs of suit under 42 U.S.C. § 1983;

4.      For attorney's fees and costs of suit under California Civil Code §§ 52(b)(3), 52.1(h), and 52.4(a);

5.      For all other damages, penalties, costs, interest, and attorney fees as otherwise may be allowed by California and/or federal law;

6.      For declaratory and injunctive relief against the STATE OF CALIFORNIA, and the CALIFORNIA HIGHWAY PATROL via its Commissioner, JOSEPH A. FARROW, including, but not limited to the following:

    a.   An order prohibiting Defendants and their peace officers from unlawfully interfering with the rights of Plaintiff and other citizens within its jurisdiction including the right(s) to be free from unreasonable and/or pretextual searches and seizures, excessive and unreasonable force;

    b.   Requiring Defendant State of California to institute and maintain a protocol prohibiting its officers from conducting searches of persons of the opposite sex; and

    c.   Requiring Defendant State of California to maintain and effectively administer an appropriate training regimen or **required** protocol on citizen searches by officers of the opposite sex including, but not limited to, **requiring** officers to read their department Policy Manual, **requiring** officers to certify their reading of the manual in writing, and/or **mandating** guidelines/protocol to be followed by a field peace officer where it is not practical to summon an officer of the same sex as the citizen to be searched.

7.      For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Zayas hereby respectfully demands a jury trial in this action on all claims for relief that are triable by a jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**INTRADISTRICT ASSIGNMENT**

This action arose in the County of Alameda. Pursuant to Civil L.R. 3-2(c)(d), this action shall be assigned to the San Francisco Division or the Oakland Division.


Dated: May 11, 2017                          LAW OFFICES OF PANOS LAGOS


                                             */s/Panos Lagos*
                                             Panos Lagos, Esq.
                                             Attorney for Plaintiff,
                                             ESTRELLA LYSANDRA ZAYAS

# EXHIBIT  1

