XAVIER BECERRA
Attorney General of California
JEFFREY R. VINCENT
Supervising Deputy Attorney General
KYMBERLY E. SPEER
Deputy Attorney General
State Bar No. 121703
 1515 Clay Street, 20th Floor
 P.O. Box 70550
 Oakland, CA 94612-0550
 Telephone: (510) 879-0985
 Fax: (510) 622-2270
 E-mail: Kymberly.Speer@doj.ca.gov

*Attorneys for Defendants State of California,
by and through its California Highway Patrol;
Commissioner Joseph A. Farrow;
Officer Jose Ortega; and Officer Timothy J. Brown*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CIVIL DIVISION

| | |
|---|---|
| **ESTRELLA LYSANDRA ZAYAS,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA, ET AL,**<br><br>Defendants. | Case No. 3:17-cv-02739<br><br>**STIPULATION TO PROTECTIVE ORDER AND [Proposed] ORDER**<br><br>Dept: 5<br>Judge: The Honorable Edward M. Chen<br>Trial Date: Not yet assigned<br>Action Filed: May 11, 2017 |

**RECITALS**

Pursuant to the requirements of Rule 26, Defendants will produce unredacted copies of California Highway Patrol training manuals that Defendants will provide to their retained experts and may rely upon to support their defenses. Defendants' employer, California Highway Patrol, has agreed to produce unredacted copies of all such writings pursuant to a suitable protective order.

**STIPULATION**

Therefore, the parties to this action, by and through their respective counsel, hereby stipulate that the following writings (and any other records or documents which the parties stipulate in writing to be subject to this Protective Order) may only be disclosed to plaintiffs, their experts and their counsel:

- Highway Patrol Manual 70.6 - Officer Safety Manual: Chapter 22 – Introduction, General, Guidelines, and Methods of Searching, for *standing searches* only.
- CHP 202 DUI Arrest Report: File No. 201600340.
- CAD Log #160416GG04695.
- MVARS for April 16, 2016, Titles 5, 6, and 7.
- CHP training materials regarding standing searches incident to arrest, to be designated by CHP.

Production of the documents listed above will be subject to the following conditions and the Court's Protective Order:

1. The documents and their contents may be used by plaintiff and her counsel only in this litigation and may not be used in separate proceedings or actions at this time or in the future without first being obtained through proper discovery procedures or court orders in those separate proceedings or actions.

2. The documents and their contents may not be disclosed, copied, distributed, shown, described, or read to any person or entity (including, but not limited to, media representatives) by

plaintiff or her representatives or agents, other than (a) the parties to this litigation; (b) the parties' attorneys, paralegals, and legal office staff in this litigation; (c) the parties' expert consultants in this litigation for purposes of expert consultation and trial testimony preparation; and (d) the court in this action, filed under seal, for purposes of this litigation.

3. The plaintiff's expert consultants must sign an acknowledgment and agreement to be bound by the terms of this Protective Order, an executed copy of which will be provided to defendants' counsel within seven (7) days after formal disclosure of such consultants as expert witnesses in this litigation. The acknowledgment and agreement must contain the following language:

> "As an expert witness for the plaintiffs in this lawsuit, I hereby acknowledge receipt of a copy of the signed Stipulation to Protective Order, and Order, approved and entered by the Court in this action, and I agree to be bound by all terms and conditions in that Protective Order and recognize that I may be personally found in contempt of Court or subject to other sanctions determined by the Court should I violate any term or condition in that Protective Order."

4. All documents produced subject to this Stipulation and Protective Order and copies thereof will be clearly marked "Confidential" to indicate that they are subject to this Protective Order.

5. All documents produced subject to this Stipulation and Protective Order and copies thereof must be returned to defendants' counsel upon the termination of this litigation.

6. This Protective Order does not in any way affect or prejudice the right of any party at the time of trial or other proceedings in this action to object to the use or admissibility of said documents at the trial or in other proceedings.

7. Any writings or other documents stipulated in writing by the parties to be confidential and marked "Confidential," and produced prior to the date the Protective Order is signed by the Court, shall also be subject to all terms of this Stipulation and Protective Order.

8. If any party intends to file a motion that includes as an exhibit any writing(s) subject to this protective order, that party must file the writing(s) under seal pursuant to Northern District Civil Local Rule 79-5.

9. Violation of this Protective Order by any party or any other person, including but not limited to any party's expert witnesses and consultants, will result in sanctions to be determined by the Court upon application by any other party.

**SO STIPULATED:**

Dated: August 10, 2017         LAW OFFICES OF PANOS LAGOS

/s/Panos Lagos
Panos Lagos, Esq.
Attorney for Plaintiff,
ESTRELLA LYSANDRA ZAYAS

Dated: August 9, 2017         XAVIER BECERRA
Attorney General of California
JEFFREY R. VINCENT
Supervising Deputy Attorney General

*Kymberly E. Speer*
KYMBERLY E. SPEER
Deputy Attorney General
*Attorneys for Defendants State of California, by and through its California Highway Patrol; Commissioner Joseph A. Farrow; Officer Jose Ortega; and Officer Timothy J. Brown*

**ORDER**

So ordered. Parties shall show cause why CHP training materials must remain confidential. Parties to file briefing by 8/21/17.

Dated: August 14, 2017

Honorable Edward M. Chen

IT IS SO ORDERED AS MODIFIED
Judge Edward M. Chen

OK2017901234
90829430.doc

4