UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTRELLA LYSANDRA ZAYAS,<br><br>Plaintiff,<br><br>v.<br><br>JOSE ORTEGA, et al.,<br><br>Defendants. | Case No.  17-cv-02739-EMC<br><br>**FINAL PRETRIAL CONFERENCE<br>ORDER**<br><br>Docket Nos. 82-83, 88-93 |

## I.      TRIAL DATE & LENGTH OF TRIAL

Jury selection shall take place on November 7, 2018.  Counsel shall be present in the Courtroom at 8:00 a.m.  As stated at the conference, as part of the general orientation given to potential jurors prior to jury selection in the jury assembly room, potential jurors will be shown a video on implicit bias, which is accessible on this Court's website.

The jury trial shall take place from November 13 to 15, 2018 (excluding deliberations).  Trial shall last from 8:30 a.m. to 4:30 p.m. on November 13.  Trial shall last from 8:30 a.m. to 2:00 p.m. on November 14 and 15.  If the case is given to the jury by November 15, they will be allowed to deliberate through the afternoon.  If necessary, trial and/or deliberations will continue on November 19, 2018, at 8:30 a.m.  On all trial days, counsel shall be present in the Courtroom at 8:15 a.m. to be prepared to discuss any issues that need to be resolved prior to the trial day.

Each side has seven (7) hours total to give an opening statement and present its case (*e.g.*, direct examination, cross-examination, rebuttal).  Each side has an additional thirty (30) minutes for closing argument.

The day before each trial day, each party shall notify the other party which witnesses the party intends to call, which exhibits the party intends to use, and what demonstratives (if any) the

United States District Court
Northern District of California

party intends to use.  Should there be any disputes, the parties shall meet and confer and, if necessary, raise the issue at 8:15 a.m. the next day.

## II.    WITNESSES

A.    Plaintiff

Ms. Zayas has identified the following individuals as witnesses she may call in her case-in-chief.

(1) Ms. Zayas.

(2) Milagros Berrios.

(3) Jesus Berrios.

(4) Roger Clark.

(5) Officer Ortega.

(6) Officer Brown.

(7) Sgt. Ben Fillman.

B.    Defendant

Officer Ortega has identified the following individuals as witnesses he may call in his case-in-chief.

(1) Officer Ortega.

(2) Officer Brown.

(3) Sgt. Brian Samms.

(4) Sgt. Ben Fillman.

(5) Ms. Zayas.

Because the parties' witness lists overlap, the parties shall be prepared to take witnesses out of order.

## III.    EXHIBITS

All exhibits to which there has been no objection and/or which are not subject to a motion in limine are deemed admitted.

The parties' motions in limine are addressed below.  *See* Parts IV-V, *infra*.

The disputed exhibits that are not subject to a motion in limine are Exhibit 6 (Google

United States District Court
Northern District of California

aerials photos) and Exhibit 7 (ground-level photo).  Officer Ortega's objections to Exhibits 6 and 7 are overruled in part and sustained in part.  Ms. Zayas is permitted to ask Officer Ortega whether the photos accurately represent the area where she was stopped and arrested.  If a proper foundation is laid, the exhibits will be admitted, and Ms. Zayas may ask additional questions. However, Ms. Zayas must "strip" the photos of the "Xs."  Ms. Zayas must provide new exhibits to replace those currently in the Court's possession by the first day of trial.

### IV.    PLAINTIFF'S MOTIONS IN LIMINE[1]

A.    Plaintiff's Motion in Limine No. 1 (Docket No. 82)

Ms. Zayas moves to exclude evidence as to any statements she made "to describe her contact with Officer Ortega contained anywhere other than in her sworn deposition testimony already provided in the instant action."  Docket No. 82 (Mot. at 1).  This would include, *e.g.*, the written citizen's complaint that she made to the CHP, a cell phone recording she made shortly following the incident at issue, and an oral interview that she had with the CHP.  *See* Exs. Nos. 17-18, 23-25.

The motion in limine is **DENIED**.

Neither party contends the rule against hearsay bars admission of her prior statement. Instead, Ms. Zayas contends the evidence is irrelevant because the MVARS shows what took place between her and Officer Ortega.  But the evidence still has probative value because it goes toward her credibility which is at issue.  Officer Ortega could challenge Ms. Zayas's credibility with respect to her claim that he never checked on the availability of a female officer.  He could also challenge Ms. Zayas's credibility with respect to any damages asserted by Ms. Zayas.

As for Ms. Zayas's argument that the evidence should be excluded under Federal Rule of Evidence 403, the Court does not agree.  Ms. Zayas has not shown that the probative value of the evidence is "substantially outweighed" by a danger of unfair prejudice, jury confusion, or wasting time.  Fed. R. Evid. 403.  At trial, Ms. Zayas is free to testify, *e.g.*, that any inaccuracy or

---

[1] Ms. Zayas asks that the Court not consider Officer Ortega's oppositions to her motions in limine because they were not timely served on her (pursuant to the Court's Civil Pretrial Instructions). The Court shall not strike the oppositions because Ms. Zayas has not shown that she was prejudiced as a result.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  mischaracterization she made was an honest mistake.

2  B.  Plaintiff's Motion in Limine No. 2 (Docket No. 83)

3  Ms. Zayas moves to exclude evidence that, at the time of the incident at issue, she was on

4  probationary status and, as a result, did not have the right to refuse a chemical test of her blood,

5  breath, or urine.[2]

6  The motion is **GRANTED** in part.

7  The Court shall not allow Officer Ortega to submit the evidence of Ms. Zayas's

8  probationary status as "affirmative evidence" (*i.e.*, nonimpeachment evidence).  The issue in this

9  trial concerns the manner in which Officer Ortega performed the search – not whether he was

10  justified in deciding to search Ms. Zayas in the first place.[3]

11  Officer Ortega contends that the evidence is relevant because it goes toward contributory

12  negligence – *i.e.*, Ms. Zayas's "refusal to cooperate [*i.e.*, take a chemical test] created the situation

13  she now claims was negligently handled."  Docket No. 83 (Opp'n at 1).  But this argument has no

14  merit because, as noted above, the question of negligence relates to how Officer Ortega performed

15  the search.  Ms. Zayas's refusal to take a chemical test did not contribute to how Officer Ortega

16  performed the search.

17  At the conference, Officer Ortega made a new argument – *i.e.*, that the evidence could go

18  toward Ms. Zayas's credibility.  If, *e.g.*, Ms. Zayas testifies in such a way that Officer Ortega has a

19  good faith belief that the evidence is proper impeachment evidence, then he may ask the Court to

20  reconsider its ruling above.  But Officer Ortega cannot invite testimony for the purpose of eliciting

21  a response merely to set up her probationary status as impeachment.  Of course, even if the

22  evidence might become relevant impeachment evidence, Ms. Zayas is not precluded from making

23  a Rule 403 argument.

24

25

26  _____

27  [2] At the conference, Ms. Zayas pointed out that her probationary status did not require her to submit to *all* field sobriety tests; it required submission to chemical, not physical, tests.

28  [3] And in any event, there is no dispute that, at the time of the incident, Officer Ortega did not know that Ms. Zayas was on probation.

United States District Court
Northern District of California

## V.   DEFENDANT'S MOTIONS IN LIMINE[4]

A.   Defendant's Motion in Limine No. 1 (Docket No. 89)

Officer Ortega moves to exclude all testimony from Ms. Zayas's expert, Mr. Clark.

The motion is **GRANTED** in part and **DENIED** in part.

In her witness list, Ms. Zayas states that Mr. Clark will testify about the following:

> POST training, standards, search protocol of opposite sex arrestees; deficiencies in and/or violations of such standards by Officer Ortega's conduct; compliance with CHP policy/ies by Officer Ortega regarding the subject search; violations of law by Officer Ortega's conduct.

> Consistency of CHP search policy v. POST.

> Need for the search under the circumstances.

> Opinion/Conclusion #1 – Officer Ortega's touching of Plaintiff violated [California] Penal Code § 149.

> Opinion/Conclusion #2 – Officer Ortega failed to abide by POST standards in the force used.

> Opinion/Conclusion #3 – Officer Ortega's failure to summon known female officer was not excusable.

> Opinion/Conclusion #4 – CHP policy and training regarding same sex searches is not acceptable and is unclear.

Docket No. 81 (Jt. PTC St., Ex. A) (Pl.'s Witness List at 1-2).]

There are some problems with the above subjects of testimony. For example:

- "[V]iolations of law by Officer Ortega's conduct." Mr. Clark is not permitted to give any legal opinions. *See Reed v. Lieurance*, 863 F.3d 1196, 1209 (9th Cir. 2017) (noting that "'[e]xpert testimony is not proper for issues of law'" and therefore "the district court need not permit Chief Longo to present legal opinions").; *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th

---

[4] Ms. Zayas has objected to all of Officer Ortega's motions in limine because they were not timely served on her (pursuant to the Court's Civil Pretrial Instructions). The Court shall not strike the motions because Ms. Zayas has not shown that she was prejudiced as a result – in particular, she was still able to file oppositions to the motions in limine. That being said, the Court warns Officer Ortega that he risks being sanctioned should he fail to comply with Court orders or instructions in the future. Giving Ms. Zayas only one day to oppose – although not ultimately prejudicial – was not proper practice.

1    Cir. 2004) (stating that "'an expert witness cannot give an opinion as to her legal

2    conclusion, i.e., an opinion on an ultimate issue of law'") (emphasis omitted).

3    • "Need for the search under the circumstances." Broadly speaking, this is no longer

4    an issue for trial. The Court previously held (on summary judgment) that there was

5    probable cause for the arrest of Ms. Zayas and therefore Officer Ortega could do a

6    search incident to the arrest without any further justification. At the conference,

7    Ms. Zayas maintained that she only meant Mr. Clark would testify that Officer

8    Ortega could have done a less invasive search – *e.g.*, a rough pat-down of outer

9    clothing. Because this relates to the manner of the search, such testimony is

10   permissible.

11   • "Opinion/Conclusion #1 – Officer Ortega's touching of Plaintiff violated

12   [California] Penal Code § 149." Section 149 provides: "Every public officer who,

13   under color of authority, without lawful necessity, assaults or beats any person, is

14   punishable by a fine not exceeding ten thousand dollars ($10,000), or by

15   imprisonment in a county jail not exceeding one year, or pursuant to subdivision

16   (h) of Section 1170, or by both that fine and imprisonment." Cal. Pen. Code § 149.

17   Testimony about § 149 is inappropriate because Ms. Zayas never brought a claim

18   for assault in her complaint. Moreover, all intentional torts based on state law –

19   including battery – were dismissed in the Court's summary judgment order.

20   Finally, reference to § 149 would only confuse the jury and thus is excludable

21   under Federal Rule of Evidence 403.

22   • "Opinion/Conclusion #2 – Officer Ortega failed to abide by POST standards in the

23   force used." If Mr. Clark simply testifies about a failure to abide by POST

24   standards with respect to the manner of the search (or inconsistences between CHP

25   policy and POST), that is proper; Ms. Zayas clarified that "force used" does not

26   refer to use of excessive force.

27       While the Court has limited Mr. Clark's testimony above, it shall not exclude him as a

28   witness entirely because he may properly testify about POST standards and CHP policies on the

6

United States District Court
Northern District of California

1   manner of searches, including opposite-sex searches.  For example, he may testify about what

2   POST standards are on the manner of searches and whether they differ from CHP policies.  He

3   may also testify that CHP policies on the manner of searches are or are not reasonable.  In

4   addition, he may testify about whether CHP training on the manner of searches is adequate.  The

5   Court acknowledges Officer Ortega's argument that the Court, in its summary judgment order,

6   denied Ms. Zayas's motion to amend her complaint to add, in effect, a request for injunctive relief.

7   But simply because Ms. Zayas was not allowed to add in a request for injunctive relief to the case

8   does not mean that the adequacy of CHP policies is immaterial to her negligence claim.

9   B.   Defendant's Motion in Limine No. 2 (Docket No. 90)

10       Officer Ortega moves to exclude testimony from Ms. Zayas's uncles, Jesus Barrios and

11  George Barrios, who are current or former law enforcement officers, about "how they were trained

12  to do standing searches, their own practices regarding searches of female arrestees, and similar

13  issues regarding the reasonableness of Officer Ortega's actions on April 16, 2016."  Docket No. 90

14  (Mot. at 1).

15       The motion is **GRANTED**.

16       Although Ms. Zayas has filed an opposition to the motion, the opposition is really a

17  statement of nonopposition – *i.e.*, Ms. Zayas confirms that neither George Barrios nor Jesus

18  Barrios will be offered to provide testimony on the above.  Indeed, George Barrios is not

19  identified as a witness in Ms. Zayas's witness list at all and, while Jesus Barrios is identified as a

20  witness, his testimony is limited to a description of Ms. Zayas's damages only.

21  C.   Defendant's Motion in Limine No. 3 (Docket No. 91)

22       Officer Ortega moves to exclude evidence of Ms. Zayas's blood alcohol level.

23       The motion is **DENIED**.

24       Ms. Zayas fairly contends that, because it will be clear that she was detained for a possible

25  DUI, she should be allowed to provide the full context (*i.e.*, that she was not drunk) or the jury

26  might otherwise discount her testimony or be prejudiced against her.  However, because the

27  evidence has limited probative value (the substantive issue in this case is whether the manner of

28  the search was reasonable, not whether Office Ortega had probable cause to arrest Ms. Zayas for

1   drunk driving), it makes more sense (and it will be more efficient) to provide evidence as to what

2   Ms. Zayas's blood alcohol level was via a stipulation of fact.  The stipulation of fact will be part of

3   the jury instructions.

4        In addition, the Court shall give the following instruction to the jury *both* before the parties

5   begin to present evidence *and* as part of the final jury instructions:

6            As noted above, Ms. Zayas asserts a negligence claim against
             Officer Ortega.  The only issue in this case is whether Officer
7            Ortega was negligent with respect to the manner in which he
             conducted a search of Ms. Zayas.
8
             You will be presented [or have been presented] with evidence that
9            Officer Ortega initially detained Ms. Zayas for a traffic violation
             (speeding) and then continued to detain her for a possible DUI.
10           Officer Ortega then arrested Ms. Zayas for driving under the
             influence.  Ms. Zayas was ultimately released because her blood
11           alcohol level was 0.01%, which is below the legal limit of 0.08%.
             You are not being asked to decide whether it was lawful for Officer
12           Ortega to detain or arrest Ms. Zayas.  You are only being asked to
             decide whether the manner in which Officer Ortega searched Ms.
13           Zayas was lawful.

14       If either party has an objection to this instruction, the objection must be made by

15  **September 27, 2018**.  The party must explain the basis of the objection *and* provide an alternate

16  instruction.

17  D.    Defendant's Motion in Limine No. 4 (Docket No. 92)

18       Officer Ortega moves to exclude evidence "to the effect that [he] did not have probable

19  cause to stop or search" Ms. Zayas.  Docket No. 92 (Mot. at 1).

20       The motion is **GRANTED**.

21       Ms. Zayas does not appear to oppose the motion in principle and, in its summary judgment

22  order, the Court found that there was, in fact, probable cause to detain and arrest Mr. Zayas.  The

23  Court, however, shall give the instruction above.

24       To the extent Ms. Zayas has stated that "the need, manner, justification and place of the

25  search will all be in issue per [Officer] Ortega's training, CHP policies, and Federal Constitutional

26  standards," Docket No. 92 (Opp'n at 1), the Court agrees only in part.  The issue in this case is the

27  manner of the search only; although this includes whether Officer Ortega checked on the

28  availability of a female officer to do the search and whether it was reasonable for Officer Ortega

1    not to wait for a female officer, his right to search is not at issue.

2    E.      Defendant's Motion in Limine No. 5 (Docket No. 93)

3           Officer Ortega has moved to exclude evidence on "standing search procedures that were

4    not performed on [Ms. Zayas] [*e.g.*, a crotch search] because the search was stopped when [she]

5    objected, and not finished." Docket No. 93 (Mot. at 1).

6           The motion is **GRANTED** in part and **DENIED** in part.

7           The evidence has probative value because, in determining whether it was reasonable for

8    Officer Ortega to do the search himself instead of a female officer, a jury could consider how

9    invasive or not the search to be conducted was. Also, the evidence has probative value because it

10   it appears testimony will be given that Officer Ortega may have had discretion not to conduct a

11   complete search, including a search of the crotch. That being said, while the jury may be made

12   aware of what a full scope standing search could entail, Ms. Zayas will not be allowed to focus on

13   the crotch search; accordingly, the Court grants the motion to exclude with respect to Exhibit 12.

14   The Court agrees with Officer Ortega that highlighting the crotch search for the jury is unfairly

15   prejudicial; that is, the danger of unfair prejudice as to this exhibit substantially outweighs the

16   probative value. *See* Fed. R. Evid. 403.

17                           **VI.     JURY VOIR DIRE**

18          Ms. Zayas has moved for leave to file a motion for attorney-conducted voir dire and a jury

19   questionnaire. *See* Docket No. 88 (motion). The motion is **GRANTED** in part and **DENIED** in

20   part. The Court shall not give a questionnaire to the jury; however, it shall allow each party

21   twenty (20) minutes to voir dire the jury after the Court's voir dire. The Court's voir dire will

22   include some of the questions proposed by Ms. Zayas on the jury questionnaire.

23                          **VII.     JURY INSTRUCTIONS**

24          The Court has reviewed the parties' filing on jury instructions and will separately file

25   proposed jury instructions that it intends to give. The parties shall file any objections to the jury

26   instructions by **September 27, 2018**.

27                         **VIII.     JURY VERDICT FORM**

28          The Court intends to use a general verdict form only – *i.e.*, a form consisting of one

United States District Court
Northern District of California

9

question only (has Ms. Zayas proved, by a preponderance of the evidence, her negligence claim against Officer Ortega) followed by one line for damages.

## IX.    **MISCELLANY**

In her trial brief, Ms. Zayas states that one of the issues for the jury to determine is "the reasonableness of Defendant's decision that a search was needed." Docket No. 87 (Pl.'s Tr. Br. at 1). This is incorrect. In its summary judgment order, the Court held that there was probable cause for Ms. Zayas's arrest. Therefore, Officer Ortega was allowed to conduct a search incident to the arrest without any further justification. *See* Docket No. 72 (Order at 16) (granting Defendants' motion for summary judgment on the § 1983 claim based on the decision to search). The Court also defined the scope of the trial on the negligence claim in its summary judgment order: "Ms. Zayas may proceed to trial on her theory that Officer Ortega conducted the search in a negligent manner, in particular, by failing to check on a female officer's availability prior to the search; by deciding not to wait for a female officer (assuming that he did check . . . ); and by how he actually searched her." Docket No. 72 (Order at 36).

**IT IS SO ORDERED**.

Dated: September 20, 2018

_____
EDWARD M. CHEN
United States District Judge