UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTRELLA LYSANDRA ZAYAS,<br>　　　　　Plaintiff,<br>　　v.<br>JOSE ORTEGA, et al.,<br>　　　　　Defendants. | Case No. 17-cv-02739-EMC<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION**<br><br>Docket No. 108 |

　　　　Plaintiff's request for relief is denied. First, she has failed to show that she should be given leave to file a motion for reconsideration. *See* Civ. L.R. 7-9(b). She is making an argument that she never previously raised for the Court's consideration. *See* Docket No. 84, at 46 (Plaintiff arguing that the instruction should not be given because, "[c]learly, the Defendant is not a professional").

　　　　Second, even if the Court were to grant Plaintiff leave to file a motion for reconsideration, her motion to reconsider lacks merit. The Directions for Use for CACI 602 do not limit the use of the instruction to situations where the plaintiff has hired the defendant as a professional. Furthermore, as the Court previously noted, California courts have evaluated negligence claims against law enforcement officers as professional negligence cases. *See, e.g.*, *Harris v. Smith*, 157 Cal. App. 3d 100 (1984) (in a case where plaintiff claimed that a deputy sheriff had an affirmative duty to plaintiff, after he commenced an investigation, to exercise reasonable care in the performance of his investigation, evaluating alleged negligence of deputy sheriff as a matter of professional negligence).

　　　　The Court, however, shall retitle the instruction so that it no longer refers to "success." This is consistent with the Court's order at Docket No. 102, at 33 (striking the language "his

efforts are unsuccessful or" because "it could be confusing to the jury given the facts of this case"). The new title for the instruction is: "NEGLIGENCE – REASONABLE LAW ENFORCEMENT OFFICER."

The Court also makes one correction to the instruction: the term "officer" should be used instead of "official" in the second sentence.

Finally, the Court shall reorder the instructions so that the instruction at issue comes before the instruction on custom or practice.

The Court shall forthwith issue the revised Final Jury Instructions to reflect the above.

**IT IS SO ORDERED**.

Dated: October 22, 2018

_____
EDWARD M. CHEN
United States District Judge

2