UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ESTRELLA LYSANDRA ZAYAS,

Plaintiff,

v.

JOSE ORTEGA, et al.,

Defendants.

Case No. 17-cv-02739-EMC

**COURT'S FINAL JURY INSTRUCTIONS – NOVEMBER 13, 2018**

The Court is filing amended final jury instructions. The amendments are with respect to Jury Instructions Nos. 2 and 18. The Court is amending the instructions so that they match the description of the case that was given at voir dire.

**IT IS SO ORDERED**.

Dated: November 13, 2018

_____
EDWARD M. CHEN
United States District Judge

# I.     PRELIMINARY INSTRUCTIONS

### JURY INSTRUCTION NO. 1
### DUTY OF JURY

Members of the jury: You are now the jury in this case.  It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.  That means that you must decide the case solely on the evidence before you.  Do not be afraid to examine any assumptions you or other jurors have made which are not based on the evidence presented at trial.    You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions.  It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

**JURY INSTRUCTION NO. 2**

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Following a traffic stop for speeding, the plaintiff Ms. Zayas was arrested for a DUI and was searched by the defendant CHP officer Jose Ortega. Ms. Zayas claims that the search of her was negligent because it included an intrusive patdown search by a male officer. Ms. Zayas has the burden of proving her negligence claim.

Officer Ortega denies that he was negligent or that Ms. Zayas was harmed.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 3**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**JURY INSTRUCTION NO. 4**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits that are admitted into evidence;

(3) any facts to which the lawyers have agreed; and

(4) any facts that I may instruct you to accept as proved.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 5**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

1                        **JURY INSTRUCTION NO. 6**

2                    **EVIDENCE FOR A LIMITED PURPOSE**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

**JURY INSTRUCTION NO. 7**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

**JURY INSTRUCTION NO. 8**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

# JURY INSTRUCTION NO. 9

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

If you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

# JURY INSTRUCTION NO. 10

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

> Because you will receive all the evidence and legal

11

instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved – including the parties, the witnesses or the lawyers – until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 11

### NO TRANSCRIPT AVAILABLE TO THE JURY

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

**JURY INSTRUCTION NO. 12**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

United States District Court
Northern District of California

### JURY INSTRUCTION NO. 13

### BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**JURY INSTRUCTION NO. 14**

**OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

United States District Court
Northern District of California

## II.  INSTRUCTIONS AT THE OUTSET OF OR DURING TRIAL

### JURY INSTRUCTION NO. 15
### NEGLIGENCE IN MANNER OF SEARCH

  Ms. Zayas asserts a negligence claim against Officer Ortega.  The only issue in this case is whether Officer Ortega was negligent with respect to the manner of the search of Ms. Zayas.

  You will be presented with evidence that Officer Ortega initially detained Ms. Zayas for a traffic violation (speeding) and then continued to detain her for a possible DUI.  Officer Ortega then arrested Ms. Zayas for driving under the influence.  Ms. Zayas was ultimately released because her blood alcohol level was 0.01%, which is below the legal limit of 0.08%.  You are not being asked to decide whether it was lawful for Officer Ortega to detain or arrest Ms. Zayas.  You are only being asked to decide whether the manner of the search of Ms. Zayas was negligent.

**JURY INSTRUCTION NO. 16**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts, described below.  You must therefore treat these facts as having been proved.

(1) Ms. Zayas was lawfully stopped for speeding.  *See* Docket No. 81 (Joint PTC St. at 3).

(2) The Mobile and Audio System (MVARS) captures video of the search, and audio of some events out of view of the video.

(3) CHP policy and training requires that all persons subjected to physical arrest shall be searched for weapons by the arresting officer(s).  *See* Docket No. 81 (Joint PTC St. at 3).

(4) CHP policy provides that arrestees should be searched by an officer of the same gender, if feasible.  If, according to the arresting officer's sound professional judgment, assistance from an officer of the same gender is not feasible, the arresting officer must conduct the search using the departmental searching technique without deviation or modification.

(5) Ms. Zayas requested that a same sex (female) officer complete the search.  (Joint PTC St. at 3).

(6) Although she was arrested, Ms. Zayas was later released because her blood alcohol level was 0.01%, which is below the legal limit of 0.08%.

### III.      INSTRUCTIONS AT END OF CASE

### JURY INSTRUCTION NO. 17
### DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.  That means that you must decide the case solely on the evidence before you.  Do not be afraid to examine any assumptions you or other jurors have made which are not based on the evidence presented at trial.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**JURY INSTRUCTION NO. 18**

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Following a traffic stop for speeding, the plaintiff Ms. Zayas was arrested for a DUI and was searched by the defendant CHP officer Jose Ortega.  Ms. Zayas claims that the search of her was negligent because it included an intrusive patdown search by a male officer.  Ms. Zayas has the burden of proving her negligence claim.

Officer Ortega denies that he was negligent or that Ms. Zayas was harmed.

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 19

## BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**JURY INSTRUCTION NO. 20**

**NEGLIGENCE IN MANNER OF SEARCH**

As noted above, Ms. Zayas asserts a negligence claim against Officer Ortega. The only issue in this case is whether Officer Ortega was negligent with respect to the manner of the search of Ms. Zayas.

You have been presented with evidence that Officer Ortega initially detained Ms. Zayas for a traffic violation (speeding) and then continued to detain her for a possible DUI. Officer Ortega then arrested Ms. Zayas for driving under the influence. Ms. Zayas was ultimately released because her blood alcohol level was 0.01%, which is below the legal limit of 0.08%. You are not being asked to decide whether it was lawful for Officer Ortega to detain or arrest Ms. Zayas. You are only being asked to decide whether the manner of the search of Ms. Zayas was negligent.

1   **JURY INSTRUCTION NO. 21**

2   **NEGLIGENCE – ESSENTIAL FACTUAL ELEMENTS**

3       Ms. Zayas claims that she was harmed by Officer Ortega's professional negligence.  To

4   establish this claim, Ms. Zayas must prove all of the following:

5       (1)  That Officer Ortega was negligent;

6       (2)  That Ms. Zayas was harmed; and

7       (3)  That Officer Ortega's negligence was a substantial factor in causing Ms. Zayas's harm.

**JURY INSTRUCTION NO. 22**

**NEGLIGENCE – STANDARD OF CARE**

Officer Ortega is a law enforcement officer. A law enforcement officer is negligent if he fails to use the skill and care that a reasonably careful law enforcement officer would have used in similar circumstances. This level of skill, knowledge, and care is sometimes referred to as "the standard of care."

A law enforcement officer is negligent if he or she does something that a reasonably careful law enforcement officer would not do in the same situation or fails to do something that a reasonably careful law enforcement officer would do in the same situation.

You must decide how a reasonably careful law enforcement officer would have acted in Officer Ortega's situation.

The reasonableness of a law enforcement officer's conduct must be determined in light of the totality of circumstances.

1

**JURY INSTRUCTION NO. 23**

2

**NEGLIGENCE – REASONABLE LAW ENFORCEMENT OFFICER**

3
 A law enforcement officer is not necessarily negligent just because he makes an error that

4
was reasonable under the circumstances.  A law enforcement officer is negligent only if he was

5
not as skillful, knowledgeable, or careful as another reasonable law enforcement officer would

6
have been in similar circumstances.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 24**

**NEGLIGENCE – CUSTOM OR PRACTICE**

You may consider customs or practices in the community in deciding whether Officer Ortega acted reasonably. Customs and practices do not necessarily determine what a reasonable person would have done in Officer Ortega's situation. They are only factors for you to consider. Following a custom or practice does not excuse conduct that is unreasonable.

**JURY INSTRUCTION NO. 25**

**DAMAGES**

If you decide that Ms. Zayas has proved her negligence claim against Officer Ortega, you also must decide how much money will reasonably compensate Ms. Zayas for the harm. This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by Officer Ortega's wrongful conduct, even if the particular harm could not have been anticipated.

Ms. Zayas does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Ms. Zayas: Mental suffering, anger, anxiety, humiliation, and emotional distress.

No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

**JURY INSTRUCTION NO. 26**

**ARGUMENTS OF COUNSEL NOT EVIDENCE OF DAMAGES**

The arguments of the attorneys are not evidence of damages.  Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

**JURY INSTRUCTION NO. 27**

**UNUSUALLY SUSCEPTIBLE PLAINTIFF**

You must decide the full amount of money that will reasonably and fairly compensate Ms. Zayas for all damages caused by the wrongful conduct of Officer Ortega, even if Ms. Zayas was more susceptible to injury than a normally healthy person would have been, and even if a normally healthy person would not have suffered similar injury.

# JURY INSTRUCTION NO. 28

## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**JURY INSTRUCTION NO. 29**

**CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about

1   this case, the law, or the people involved – including the parties, the

2   witnesses or the lawyers – until you have been excused as jurors.  If

3   you happen to read or hear anything touching on this case in the

4   media, turn away and report it to me as soon as possible.

5   These rules protect each party's right to have this case decided only on evidence that has

6   been presented here in court.  Witnesses here in court take an oath to tell the truth, and the

7   accuracy of their testimony is tested through the trial process.  If you do any research or

8   investigation outside the courtroom, or gain any information through improper communications,

9   then your verdict may be influenced by inaccurate, incomplete or misleading information that has

10  not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial

11  jury, and if you decide the case based on information not presented in court, you will have denied

12  the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very

13  important that you follow these rules.

14  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a

15  mistrial could result that would require the entire trial process to start over.  If any juror is exposed

16  to any outside information, please notify the court immediately.

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 30**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 31

## RETURN OF VERDICT

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.

**JURY INSTRUCTION NO. 32**

**READBACK OR PLAYBACK (Provisional Instruction)**

Because a request has been made for a [readback] [playback] of the testimony of [witness's name] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony. [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.] [Because of the length of the testimony of this witness, excerpts will be [read] [played].] The [readback] [playback] could contain errors. The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony. Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation, but must be considered in the context of all the evidence presented.