UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTRELLA LYSANDRA ZAYAS, <br> Plaintiff, <br> v. <br> JOSE ORTEGA, et al., <br> Defendants. | Case No. 17-cv-02739-EMC <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR REVIEW OF TAXATION OF COSTS** <br><br> Docket No. 140 |

A jury verdict was entered in favor of Defendant Jose Ortega on November 21, 2018. *See* Docket No. 132 (jury verdict). Thereafter, Officer Ortega filed a bill of costs on November 30, 2018, seeking costs in the amount of $2,676.00. *See* Docket No. 135 (bill of costs); *see also* Civ. L.R. 54-1(a) (providing that a bill of costs should be filed "[n]o later than 14 days after entry of judgment or order under which costs may be claimed"). On December 13, 2018, Officer Ortega filed an amended bill of costs, lowering the amount sought to $2,050.50. *See* Docket No. 136 (amended bill of costs). Plaintiff Estrella Zayas did not file objections to either the original bill of costs or the amended bill of costs. *See* Civ. L.R. 54-2(a) (providing that objections must be filed "[w]ithin 14 days after service by any party of its bill of costs"). On January 8, 2019, the Clerk of the Court taxed costs in the amount of $1,646.75. *See* Docket No. 137 (costs taxed, disallowing $368.75). Although Ms. Zayas had not objected to either the bill of costs or amended bill of costs, Ms. Zayas subsequently filed a motion for review of the taxation of costs. This is the motion currently pending before the Court.

In the motion, Ms. Zayas asks the Court to, in effect, excuse her from paying costs based on financial inability to pay. *See* Zayas Decl. ¶¶ 3-5 (testifying that she is a Certified Medical Assistant, that her gross monthly income is approximately $3,000, and that her monthly expenses

are approximately $2,500). Ms. Zayas notes that "imposing costs on losing civil rights plaintiffs of modest means may chill civil rights litigation that is important to the legal system." Mot. at 2. Ms. Zayas also asks the Court to take into account that her claim was not frivolous.

The Court **DENIES** Ms. Zayas's motion. The Court is not unsympathetic to Ms. Zayas's financial circumstances. Moreover, if this was simply a situation where Ms. Zayas's motion was, in effect, just a late objection to the bill of costs or amended bill of costs, the Court might view Ms. Zayas's motion for relief differently (although the Court recognizes the legitimate points made in *Konig v. Dal Cerro*, No. C 04-02210 WHA, 2008 U.S. Dist. LEXIS 91228, at *5-6 (N.D. Cal. Oct. 16, 2008) (holding that "plaintiff effectively waived her right to challenge costs because she did not file objections"; adding that, "if the failure to file objections does not operate as a waiver to challenge costs, then Civil Local Rule 54-2 [which sets a deadline for filing] is essentially rendered nugatory" and there would be a burden on both the district judges and the Clerk of the Court)). However, here, the Court is confronted with a situation where (as required by Civil Local Rule 54-2(b)) the parties met and conferred regarding Officer Ortega's bill of costs, where Ms. Zayas never claimed financial inability to pay as a basis to reduce or dispose of costs, and where Officer Ortega agreed to lower his original bill of costs to resolve their dispute (thus resulting in the amended bill of costs). In such a situation, there is no doubt that Ms. Zayas waived her ability to challenge costs. As Officer Ortega argues, allowing a party to make "arguments in installations" is patently unreasonable. Opp'n at 4.

Ms. Zayas's arguments in her reply brief are unavailing. While Civil Local Rule 54-3 addresses standards for taxing costs (*e.g.*, regarding filing and service of process fees, reporters' transcripts, etc.), that does not mean that the meet and confer required by Civil Local Rule 54-2 is limited to a discussion of those standards only. Nothing in the text of the rule dictates such a limitation. *See* Civ. L. R. 54-2(b) (providing that objections to the bill of costs "must contain a representation that counsel met and conferred in an attempt to resolve disagreement about the taxable costs claimed in the bill"). Likewise, even if the Clerk of the Court "has no power to entertain an objection based upon . . . indigency and any other equitable factors under the law," Reply at 2, that does not excuse Ms. Zayas from having a full meet and confer with Officer Ortega

2

as to why costs should not be taxed, particularly in light of the availability of relief from the Court due to financial circumstances.

This order disposes of Docket No. 140.

**IT IS SO ORDERED**.

Dated: January 28, 2019

_____
EDWARD M. CHEN
United States District Judge